UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOUTHERN AIR, INC.,<br>    *Plaintiff*,<br><br>    v.<br><br>CHARTIS AEROSPACE ADJUSTMENT<br>SERVICES, INC. and NATIONAL UNION FIRE<br>INSURANCE COMPANY OF PITTSBURGH, PA,<br>    *Defendants.* | Civil No. 3:11CV1495 (JBA)<br><br><br><br>January 18, 2012 |

RULING ON PLAINTIFF'S MOTION TO REMAND

Plaintiff, Southern Air., Inc. ("Southern Air"), moves this Court [Doc. # 20] to remand this matter to the Connecticut Superior Court, Judicial District of Stamford–Norwalk, on the grounds that this Court is without subject matter jurisdiction. Plaintiff claims that the appraisal proceeding it commenced in state court pursuant to Conn. Gen. Stat. § 52-410 is not a "civil action," and that therefore, removal was not proper. Defendants oppose, arguing that the matter is a civil action within the meaning of 28 U.S.C. § 1332 and removal was proper. For the reasons discussed below, Plaintiff's motion will be denied.

I.     Procedural Background

Plaintiff Southern Air is an air cargo carrier with a principal place of business in Norwalk, Connecticut. Plaintiff owns and leases a fleet of B747–200P and B777–200F jet aircrafts, including a B747–288F, MSN 22678 Reg. No. N751SA ("N751"), the aircraft which is the subject of the proceedings at issue here. Defendant National Union Fire Insurance Company of Pittsburg, PA ("National Union") issued an insurance policy to Southern Air that provided all–risk physical damage property coverage to Southern Air's fleet of aircrafts,

including the N751. Defendant Chartis Aerospace Adjustment Services, Inc. ("Chartis") administers and settles claims arising under insurance policies issued by certain insurance companies, including the National Union policy at issue in this matter, and acts as the agent for and on behalf of National Union.

In July 2010, Southern Air discovered a loss arising from physical property damages to the N751. Southern Air submitted a claim for its loss, and Chartis accepted responsibility for the handling and adjustment of the loss. However, to date, Southern Air and the Defendants have failed to agree on the amount of the loss. On June 3, 2011, Southern Air demanded appraisal pursuant to its policy with National Union. On July 6, 2011, Chartis designated an appraiser, to which Southern Air objected, on grounds that the appraiser was neither competent nor disinterested. On August 6, 2011, Chartis designated a second appraiser, to whom Southern Air has not objected.

On September 8, 2011, Southern Air filed a complaint under Conn. Gen. Stat. § 52–410 to commence an appraisal proceeding against the Defendants. The only relief sought in Plaintiffs' complaint is an order directing the Defendants to proceed with appraisal in accordance with the terms of the policy issued to Southern Air. On September 28, 2011, Defendants filed a Notice of Removal [Doc. # 1], transferring the proceeding to this Court. On September 29, 2011, Defendants filed an Answer and Counterclaim [Doc. # 10] in this Court. Defendants' Counterclaim seeks declaratory relief in the form of an order construing the scope of the appraiser's services.

II.     Legal Standard

A district court must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447©. The

removing party bears the burden of proof in establishing its right to a federal forum. *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). Where a defendant seeks to remove an action, it must support its asserted jurisdictional facts with "'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *United Food & Commercial Workers Union*, 30 F.3d at 305 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

III.    Discussion

The Defendants' removal papers claim diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." It is not disputed that the parties are citizens of different states. (*See* Notice of Removal ¶¶ 2–4.) As to the amount in controversy requirement, Plaintiff seeks an order directing Defendants to proceed with appraisal as relief, and Defendants claim in their Notice of Removal that the amount in controversy is "between $18 million and $21.5 million," depending on whether the damage to the subject Boeing 747 airplane is considered a "total loss," or a "partial loss " (*id.*). Plaintiff does not dispute that the amount in controversy requirement is satisfied.

Even assuming diversity jurisdiction exists, removal is proper only if the Court has original jurisdiction over the matter. Courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." *CPG Fin. I, L.L.C. v. Shopro, Inc.*, 2006 U.S. Dist. LEXIS 26228 (W.D. Mo. Mar. 21, 2006) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (U.S. 1941)). "Only state–court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In its Memorandum in Support of its Motion to Remand, Southern Air argues that an appraisal proceeding pursuant to Conn. Gen. Stat. § 52-410 is not a civil action for the purposes of removal under 28 U.S.C. § 1441, and that "the unique and specific statutorily–prescribed procedures attendant to appraisal proceedings under CGS 52-41 are designed to be performed in the Superior Court." (Pl.'s Mem. Supp. [Doc. # 21] at 8.) Defendants maintain that the action Plaintiff filed in Superior Court is a "civil action" which could have been brought in federal court and that removal is proper.

      A.      Whether a Proceeding Under Conn. Gen. Stat. § 52-410 Is a Civil Action as Contemplated under 28 U.S.C. § 1441

Whether a proceeding under Conn. Gen. Stat. § 52-410[1] is removable under 28 U.S.C. § 1441 appears to be a novel issue in this District. Though any doubts should be resolved "against removability," the novelty of this question of law alone is insufficient to warrant remand of the case to state court.

Under Connecticut law, an appraisal clause contained in an insurance policy "constitutes an agreement to arbitrate and falls within the ambit of our arbitration statutes,

---

[1] Section 52-410 provides:
(a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law.

(b) The complaint may be in the following form: "1. On ................, 20..., the plaintiff and the defendant entered into a written agreement for arbitration, of which exhibit A, hereto attached, is a copy. 2. The defendant has neglected and refused to perform the agreement for arbitration, although the plaintiff is ready and willing to perform the agreement. The plaintiff claims an order directing the defendant to proceed with an arbitration in compliance therewith."

(c) The parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day, and the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay, and shall either grant the order or deny the application, according to the rights of the parties.

General Statutes §§ 52-408–52-424." *Middlesex Mut. Assurance Co. v. Clinton*, 38 Conn. App. 555, 557 n.2 (1995). Plaintiff argues that because the Connecticut Appellate court in *Fishman v. Middlesex Mut. Assurance. Co.*, 4 Conn. App. 339 (Conn. App. 1985), found an action to compel arbitration not to be a "civil action" for certain purposes under Connecticut law, it should not be deemed a civil action for the purposes of the federal removal statute.

In *Fishman*, the Connecticut Appellate Court held that an action brought under Conn. Gen. Stat. § 52-410 by an insured plaintiff to compel arbitration under a homeowner's policy issued by the defendant insurer was not a civil action subject to certain filing requirements such as a personal recognizance. The clause at issue was similar to the appraisal clause at issue here: "If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser." 4 Conn. App. 339, 339 n.1. The appellate court summarized how a proceeding under Conn. Gen. Stat. § 52-410 works:

> That statute provides, in general terms, that a party seeking to compel another party to comply with an arbitration agreement may file a concise complaint with the court. If the defendant does not file an answer within five days of the return day, the parties are considered to be at issue on the complaint, and the court shall hear and dispose of the matter with the least possible delay.

*Id.* at 343. On appeal, the defendant argued that the plaintiff's complaint should have been dismissed because the plaintiff had not included a personal recognizance with her complaint, as was required for civil actions pursuant to Practice Book §§ 51, 52, and 53. *Id.* at 344.

After reviewing the historical treatment of arbitration proceedings in the state, the appellate court concluded that "[a]rbitration proceedings have generally not been viewed as encompassed within the concept of civil actions." *Id.* at 344. The court reasoned, "the

6

determination of whether an arbitration proceeding is a civil action turns on the purpose for which the legislature created the proceeding and the most efficacious way to carry out that purpose," and "[t]he purposes for which arbitration was created indicate that an application to compel arbitration is not a civil action in the context of the requirements for a recognizance. Arbitration proceedings, including court proceedings to compel arbitration, are creatures of statute in Connecticut and are not common law actions." *Id; see also Waterbury v. Waterbury Police Union, Local 1237*, 176 Conn. 401 (1979) (arbitration "proceedings brought pursuant to § 52-420 to confirm, modify or vacate arbitration awards are not civil actions within the meaning of title 52"). Thus, the appellate court rejected defendant's contention that the plaintiff should have included a recognizance for costs with her application under Conn. Gen. Stat. § 52-410. *Fishman*, 4 Conn. App .at 346.

Though the specific issue in *Fishman* related to the necessity of including a recognizance in the summons, Plaintiff argues that the rationale applied by the appellate court is applicable here (Pl.'s Mem. Supp. at 6), because permitting a defendant to remove a § 52-401 application allows a defendant to cause significant delay to the court's disposition of the application for appraisal. Here, after removal, Defendants filed an Answer and Counterclaim, which Plaintiff urges are procedures "not contemplated" by Conn. Gen. Stat. § 52-410. Rather, the statute contemplates filing the complaint, filing the answer to the complaint, and then proceeding to a hearing on the application "in order to dispose of the case with the least possible delay." Conn. Gen. Stat. § 52-410©.[2]

---

[2]Defendants' Opposition Memorandum cites one case in which a superior court entertained special defenses and a counterclaim in an action brought under CGS § 52-410. *Johnson v. Connecticut Ins. Guar. Ass'n*, No. CV 94 053 84 66, 1994 WL 547760 (Conn. Super. 1994) (denying defendant's motion for summary judgment and holding that the

In opposition, Defendants argue that whether a proceeding commenced in state court is a removable civil action is an issue of federal, not state, law. *See, e.g., Commissioners of Road Improvement Dis. No. 2 of Lafayette, Ark., v. St. Louis Southwestern Ry. Co.*, 257 U.S. 547 (1922); *Monahan v. Holmes*, 139 F. Supp. 2d 253, 256 (D. Conn. 2001) (Plaintiff's action in Probate Court of Fairfield County seeking acceptance of his accounting was a removable "civil action" under Federal law). Defendants note that in general, "the federal courts have broadly construed the term 'civil action,'" and "[f]or example, proceedings for garnishment or condemnation, and actions to compel arbitration or to confirm or vacate an arbitration award are considered civil actions within the meaning of the federal removal statute." 14B Wright, Miller, Cooper *et al.*, Federal Practice & Procedure § 3721 (West 2009).[3]

In *Commissioners of Road Improvement*, the Supreme Court considered whether a predominantly administrative proceeding in a state county court to assess benefits and damages growing out of a road improvement project was properly removed to federal district court. The Supreme Court held that the case was properly removed, even though the

---

plaintiff's action to compel arbitration under Conn. Gen. Stat. § 52-410 fell within the applicable statute of limitations period). Plaintiff does not respond to this argument in particular, but only notes the absence of binding precedential authority that would support the removal of an action brought under Conn. Gen. Stat. § 52-410. (Pl.'s Reply [Doc. # 26] at 2.)

[3] It should be noted, however, that the cases cited in Wright & Miller in support of this proposition concerned arbitration under a statute pursuant to which district courts have original jurisdiction. *See, e.g., Johnson v. England*, 356 F.2d 44, 46–47 (9th Cir. 1966) ("It is plain that the motion to remand in this case was denied upon the ground that the district court had original jurisdiction under § 301(a) of the Labor Management Relations Act"); *Xactron Mgmt Ltd. v. Kreepy Krauly U.S.A., Inc.*, 696 F. Supp. 1465 (S.D. Fla. 1988) (the action became removable when the plaintiff filed a motion to compel arbitration pursuant to the Convention on the Recognition of Foreign Arbitral Awards).

proceedings were "in the main legislative and administrative," 257 U.S. at 554, and even though "due process of law does not necessarily require judicial machinery to fix values in condemnation, still, because of the direct invasion of private right, courts will treat it as a common–law suit whenever it is brought before a court, and it becomes removable as such to the federal court." *Id.* at 555.[4]

Defendants also argue that other state statutory actions, e.g., wrongful death and unfair trade practices actions, are decided in federal courts and "there is not an arbitration exception to diversity jurisdiction." (Def.'s Opp'n [Doc. # 24] at 4–6.) Further, in *ACEquip Ltd. v. Am. Eng'g Corp.*, No. 3:10cv676(PCD), 2001 U.S. Dist. LEXIS 23888 (D. Conn. Sept. 18, 2001), *aff'd in part and vacated in part on other grounds*, 315 F.3d 151 (2d Cir. 2003), a district court entertained an action under CGS § 52-410, although the court's subject matter jurisdiction was not raised or considered in granting the Plaintiff's application for appointment of an arbitrator under CGS § 52-410. 2001 U.S. Dist. LEXIS 23888, *8, *aff'd*, 315 F.3d 151, 154.

---

[4] *Commissioners of Road Improvement* also cited to an earlier group of cases in support of its holding, the *Pacific Removal Cases*, 115 U.S. 1, 18 (1885), in which, although construing a superceded removal statute, the Supreme Court had held that a proceeding for widening a street running through the grounds of a railroad company was properly removed:
> This court held that the proceeding before the mayor and common council was only a preliminary inquisition, but that the distinct and separable issues in the state circuit court between the city and the private owner as to the value of his property taken for the street, and the amount of benefit his remaining property received from the improvements, constituted "a suit" which might be removed to the federal court, even though their determination might delay the state court proceedings.

257 U.S. at 555 (citing 115 U.S. at 18).

Although this district has not previously considered the removability of actions under Conn. Gen. Stat. § 52-410, courts within the Second Circuit have consistently upheld removal of petitions to compel arbitration. *See, e.g.*, *Lummus Co. v. Commonwealth Oil Refining Co.*, 195 F. Supp. 47, 54–55 (S.D.N.Y. 1961) ("Lummus' further plea for remand rests upon its claim that a proceeding to compel arbitration pursuant to the State statute is not a 'civil action' within the meaning of the removal section, 28 U.S.C. § 1441(a). The matter has been decided adversely to its contention, both directly and sub silentio, in a number of cases in this district and circuit."). In *Lummus*, in holding that plaintiff's motion to compel arbitration under the New York State Arbitration Act was properly removed, the court noted that the Second Circuit had already held that "a proceeding to compel arbitration under the New York Act was properly removed to this Court," although the "principal discussion centered about the question of the amount in controversy, the [Second Circuit] necessarily concluded that the arbitration proceeding was a 'civil action' under section 1441(a)" and as such was removable to this Court. *Id.* at 54 (citing *Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d 511, 514 (1957)). *See also Maxons Restorations, Inc. v. Newman,* 292 F. Supp. 2d 477 (S.D.N.Y. 2003) (affirming removal of an arbitration case because the defendant has shown a "reasonable probability" that the amount in controversy requirement was satisfied).

### B. Statutorily Prescribed Procedures For Appraisal Proceedings under § 52-410

Next, Plaintiff contends that the unique summary procedure created by Conn. Gen. Stat. § 52-410 contemplates that the appraisal proceeding will be "invoked and accomplished [only] in a state superior court, not a federal district court." (Pl.'s Mem. Supp. at 8.) The

10

statute states that an applicant "may make application to the superior court for the judicial district in which one of the parties resides." § 52-410(a). After the commencement of the proceeding, the statute specifies procedures that Plaintiff maintains "can only be carried out in the superior court" (Pl.'s Mem. at 9), relying on Subsection © which uses the term "return day," which is unique to Connecticut state court practice.

Plaintiff also cites to the venue–specific language in the statute as support for the argument that the application to compel arbitration could *only* have been filed in "the superior court for the judicial district in which one of the parties resides." However, both the actual language, as well as the impropriety of any intent for such jurisdictional exclusivity, cut against this argument. The statute provides that "[a] party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder *may* make application to the superior court for the judicial district in which one of the parties resides," Conn. Gen. Stat. § 52-410(a) (emphasis added), and as the Second Circuit has held, "there would be substantial doubt as to the constitutionality of a state law purporting to preclude federal court diversity or pendent jurisdiction over a state–created claim." *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 n.3 (2d Cir. 1982) (citing *Railway Co. v. Whitton's Administrator*, 80 U.S. 270, 286 (1872) ("Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation.").

Defendants argue that even if a state statutory action employs summary procedures, federal courts are not necessarily divested of jurisdiction. *See, e.g.*, *MCC Mtg. LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 946 (D. Minn. 2010) (although eviction was defined under

11

Minnesota law as a summary court proceeding, eviction actions in Minnesota were in fact handled in the same fashion as other civil actions, therefore removal was proper); *Safeway, Inc. v. Sugarloaf P'ship, LLC,* 423 F. Supp. 2d 531, 534–36 (D. Md. 2006) ("Though summary, the Maryland action for breach of lease . . . is recognizably a civil action, brought in a court of limited but broad jurisdiction, for a judgment at law that this [district] Court is equally competent to enter. Because the parties are diverse and the amount in controversy requirement is met, this Court has subject–matter jurisdiction."); *Famous Realty, Inc. v. Flora Mercante Grancolombiana, S.A.*, 81 F. Supp. 553, 555 (S.D.N.Y. 1948) ("It is idle to argue, as the plaintiff does, that because of the summary nature of the relief sought the proceeding is not an action."). On the other hand, some federal courts have found federal jurisdiction lacking for particular summary proceedings. *See, e.g., Caruso v. Perlow*, 440 F. Supp. 2d 117 (D. Conn. 2006) ("Plaintiff has failed to explain what *federal* authority exists for this *Court* to borrow a *state* statutory procedure to allow registration of state–court judgments in *federal court* . . . where *no civil action has ever been filed*, and, indeed, where the very purpose of invoking the state statute is to take advantage of a *procedural short cut to avoid the necessity of filing a suit on the judgment"*) (emphasis in original); *CPG Fin. I, L.L.C, Inc. v. Shopro.*, No. 06–3015, 2006 WL 744275, *2–3 (W.D. Mo. Mar. 22, 2006) (action for rent and possession is a summary proceeding and "[t]o the extent that Defendants would attempt to transform this summary proceeding into a plenary one by removing the case to federal court and filing counterclaims, such efforts must fail"); *Glen 6 Assoc., Inc. v. Dedaj*, 770 F. Supp. 225, 227–28 (S.D.N.Y. 1991) ("It is obvious that a summary process and a plenary civil trial, shaped by the federal rules, are very different. In light of *Hanna v. Plumer* and progeny, unless there is express statutory authorization or compelling reasons, a federal

court cannot allow proceedings more summary than the full court trial at common law.") (internal citations omitted); *see also New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406 (1960) ("The very purpose of summary rather than plenary trials is to escape some or most [plenary] trial procedures.").

The Court concludes that remand is inappropriate. The resolution of whether § 54-410 actions are civil actions for the purposes of § 1441 removal is a question of federal law, is generally answered affirmatively as to state actions to compel arbitration, and federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Marshall v. Marshall*, 547 U.S. 293, 298–99 (2006) (quoting *Cohens v. Virginia*, 19 U.S. 264 (1821)). Accordingly, Plaintiff's action to compel appraisal, along with Defendants' counterclaim, will proceed in this Court.

III.   Conclusion

For the reasons discussed above, Plaintiff's motion to remand [Doc. # 20] is DENIED. The parties shall contemporaneously file their briefing on the scope of the appraiser's task by February 8, 2012 and may file reply memoranda by February 22, 2012.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of January, 2012.